*C. C. Hines*, for the appellees.

---

LOVETT *v.* KING and Another.

An agreement not to buy or bring forward any set-off, against the price to be paid for work being done for the party so agreeing, though made in consideration of a deduction from the price of the work, is not binding.

*Monday,
June 17.*

APPEAL from the *Decatur* Common Pleas. .

HANNA, J.—*Lovett*, assignee of one *Chapman*, sued *King* on a note, and also on an account, alleged to have been due from *King* to *Chapman*, and by him assigned.

*King* answered, pleading, by way of set-off, a note executed by *Chapman* to one *Braden*, and by him assigned to *King*, before the note sued on was assigned to the plaintiff.

*Reply* : *First.* That *Chapman* contracted to do certain work for *King*, for $335; that afterward they further agreed and contracted, that the price for said work should be $315, in money, and *King* was not to buy any set-off against said sum; that said note, &c., are a part of said $315. *Second.* That as to a part, to wit, $75, of said answer, after work was performed on said contract to that amount, the same was set apart upon, and claimed as exempt from, an execution, &c.; and that said *King* had notice, having been one of the appraisers who appraised and set apart the same, &c.

Demurrers were sustained to these replies, which present the points made for our consideration.

The answer is a good defense to the suit, unless it is avoided by the reply.

It is urged that the first paragraph of the reply seeks to set up a contract not binding, because it is against public policy; but if binding between the parties, that it can not be pleaded here, but must be made the foundation of a separate action for any breach thereof.

Was the reduction in the contract price of the work a good and valid consideration, upon which to base the agreement not to buy or set up any set-off? The writer of this opinion is not able to perceive why it is not. If a man voluntarily promises to pay for labor in the legal currency of the country, and thereby obtains the same at a reduced price, there is nothing in contravention of public policy, that we can see, in such act. If he was permitted after such reduction, so obtained, to buy, perhaps at a further reduction, and set off the paper of the laborer, such act would come nearer trespassing upon common honesty, than living up to the contract would upon public policy.

In 1826, it was decided in *England*, that an agreement not to bring forward a certain existing set-off, upon a transaction then being entered into, was not, in that respect, binding; and that, notwithstanding such agreement, the set-off might be insisted on in closing such new transaction. *McGillivray* v. *Simson*, 2 C. & P. 146; 9 D. & R. 35.

In 1843, it was decided in *Pennsylvania*, that such an agreement might be insisted upon; that it was binding, and precluded an attempt to set up off-sets. *Louden* v. *Tiffany*, 5 Watts & S. 367.

The majority of the Court adhere to the *English* rule. The writer believes that reason and justice are on the other side; because it is a legal maxim of every day's application, that the agreement of the parties overrules the law. Broom's Leg. Max. 539. And although the right of producing off-sets is secured by statute, Code, § § 57, 58, yet the party may, or may not, avail himself of that right, as to him may seem best. If, upon a trial in regard to a contract, he may choose not to

bring forward off-sets, certainly an agreement to that effect, based upon a sufficient consideration, in entering into such contract, ought to be obligatory.

*Per Curiam.*—The judgment is affirmed, with costs.

*James Gavin* and *Oscar B. Hord*, for the appellant.

*J. S. Scobey*, for the appellee.